## Penn Iron Co. *v.* Diller.

Evidence to establish parol terms alleged to have formed part of a contract, the residue of which was in writing, examined, and held wholly insufficient, under the general rule that an instrument can never be overthrown by the uncorroborated testimony of an interested party, opposed by that of impartial witnesses.

(Decided October 5, 1885.)

Error to the Court of Common Pleas of Lancaster County

to review a judgment for plaintiff in an action of covenant. Reversed.

*A. J. Steinman* and *D. G. Eshleman* for plaintiff in error.

*Wm. R. Wilson* for defendant in error.

OPINION BY MR. JUSTICE GREEN:

The action in this case was covenant, upon a lease in writing and under seal.

The plaintiff alleged and testified that there were parol terms of the contract which were not included in the instrument, and it was mainly for a breach of these parol terms that damages were claimed and recovered. The evidence in support of the parol terms was that of the plaintiff alone. There was previous conversation in regard to those terms, as to which he was corroborated by his son. But when the lease was executed the son was not present, and, of the five persons who were then present, the plaintiff alone testified to that portion of the alleged agreement which rested in parol. Of the other four, two contradicted him absolutely and positively. One said that the words testified to by the plaintiff were not uttered in his presence, and that he was present at the signing and remembered all that occurred; and the other, that he was present; that he heard all that was said; that, if the words in question were spoken he would have heard them; and that he did not hear the words if they were said.

The plaintiff was an interested witness and a party to the suit. One of the opposing witnesses was the subscribing witness to the lease, and entirely disinterested, not being, at the time of his examination, even in the employ of the defendant company. The other three were interested, but were not parties, except as members of the company. There were no circumstances which corroborated the plaintiff in his statement that the conversation described by him occurred at the execution of the lease. If such testimony and in such circumstances can be permitted to overthrow a solemn written instrument, the rule prohibiting the contradiction of such instruments by verbal testimony may as well be abrogated at once. For, since parties are competent witnesses, there will always be one witness to testify in support of his own allegation that there was a verbal contemporaneous agreement which relieves him of his liability, or enlarges his rights under a written contract signed by himself.

We have said many times over that such a result cannot be permitted upon the testimony of one witness contradicted by another, unless he is corroborated by other facts which are equivalent to the testimony of an additional witness.

This case goes further than any that have preceded it. The one witness, who is himself the plaintiff, is not only not corroborated by another witness or equivalent circumstances, but he is contradicted by four living witnesses, and by the written contract itself. The inadequacy of the testimony to accomplish the result sought is so patent, so glaring as it were, that we feel it to be quite unnecessary to discuss the subject at any length, or to present any array of the decisions. Our brothers, Trunkey and Paxson, have so thoroughly elaborated our views on this entire subect, that a further discussion now would be a work of supererogation. Juniata Bldg. & L. Asso. v. Hetzel, 103 Pa. 508; Phillips v. Meily, 15 W. N. C. 225; North & West Branch R. Co. v. Swank, 14 W. N. C. 444. See also Ott v. Oyer, 41 Phila. Leg. Int. 459.

On the subject of damages, the learned court below told the jury that, if they believed that breaches of the written agreement had been made out, and also breaches of the entire contract, as supported by parol testimony, they ought to give such damages to the plaintiff as the evidence justifies. There was nothing in the charge to explain what kind of damages the plaintiff was entitled to recover, if at all; and there was a question, raised by a point, as to the right to recover profits on contracts not undertaken and completed. Without any explanation whatever as to the character of the damages the plaintiff might recover, the whole question was thrown into the jury box with practically an unlimited license to find any damages which the jury might think the evidence justified. This should not be done in such a case; and, as the language of this part of the charge embraced the verbal, as well as the written, portions of the contract alleged by the plaintiff, it was clearly erroneous. In all such cases the attention of the jury should be called to the particular breaches alleged, and to the evidence on each side as to the damages claimed to have been sustained, and, where profits are claimed, especially to the legal limitations which affect the right to recover damages for their loss.

All the assignments except the seventeenth are sustained.

Judgment reversed and *venire de novo* awarded.